UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| HUMBERTO TESEN, Individually, and On Behalf of All Others Similarly Situated,<br><br>          Plaintiff(s),<br><br>-against-<br><br>PISTILLI REALTY GROUP, SKY VIEW TOWERS HOLDING, LLC, LIDIA MANAGEMENT CORP., JOSEPH PISTILLI, and MICHAEL PISTILLI,<br><br>         Defendants. | **COMPLAINT**<br><br>**14-cv- 3921**<br><br>**ECF Case**<br><br>**PLAINTIFF DEMANDS A TRIAL BY JURY** |

Plaintiff HUMBERTO TESEN, ("TESEN"), individually and on behalf of all others similarly situated, by his attorneys, Law Office of Emiliano Perez, complains of defendants PISTILLI REALTY GROUP (PRG), SKY VIEW TOWERS HOLDING, LLC ("SVTH"), LIDIA MANAGEMENT CORP. ("LMC"), JOSEPH PISTILLI, and MICHAEL PISTILLI, ("the Pistillis"), (collectively referred to herein as "defendants"), as follows:

## PRELIMINARY STATEMENT

1. This action is brought to recover for minimum wages and unpaid overtime pay earned by the Plaintiff and those similarly situated during their time as former non- managerial employees of defendants who worked as residential building porters at the properties owned and/or managed by the defendants PRG, SVTH, LMC, and the Pistillis, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the New York Labor Law § 190, *et seq.*

2. Plaintiff complains on behalf of himself and all other similarly situated current and former non- managerial employees of defendants who may elect to opt-in to this action pursuant to 29 U.S.C. §216(b) that they are owed additional wages from defendants for

failure to pay minimum wages and overtime premium pay pursuant to FLSA.

3.     Plaintiff further complains on behalf of himself and all other similarly situated current and former non- managerial employees of defendants who worked as residential building porters or in other similar positions or titles pursuant to 29 U.S.C . §216(b), that they are owed additional wages from defendants for failure to pay minimum wages and overtime premium pay pursuant to the New York Labor Law §650 *et seq.* and the New York Labor Law §190 *et seq.* (hereinafter collectively referred to as the "NYLL") as well as the Minimum Wage Order for the Building Service Industry, 12 N.Y.C.R.R. §141.

4.     Pursuant to 29 U.S.C . §§ 216 and 256, a consent form executed by Plaintiff Tesen is annexed hereto.

## JURISDICTION AND VENUE

5.     Plaintiff invokes the jurisdiction of this Court pursuant to the Fair Labor Standards Act, 29 U.S.C. §216 and 28 U.S.C. §1331, and the supplemental jurisdiction pursuant to 28 U.S.C. §1367, in that the state and federal claims arise from a common nucleus of operative facts such that they are so related that they form part of the same case or controversy under Article III of the United States Constitution.

6.     The venue of this action is proper pursuant to 28 U.S.C. §1391(b) because the events or omissions giving rise to the claims occurred primarily within, and defendants conduct business within, the Eastern District of New York.

## PARTIES

7.     Plaintiff and his similarly situated co-workers were employed by defendants as residential building porters or in other similar positions or titles.

8.     At all times relevant, defendants were covered by the FLSA and the

2

NYLL.

9.      Upon information and belief, PRG is an enterprise that owns, manages, maintains, repairs, supervises, and operates approximately 53 buildings in New York including the buildings known as 47-50 59th St., Woodside, New York and 47-30 59th St., Woodside, New York.  The number of units in the buildings owned and managed by PRG range from approximately 8 to 233 per building. Defendants JOSEPH PISTILLI and MICHAEL PISTILLI own and manage their buildings under numerous different limited liability companies and corporations all which they are the majority shareholders or members of. Many of the entities operate with the same address of 35-01 30th Avenue, Suite 300, Astoria, NY 11103, including defendants PRG, SVTH, and LMC. Defendants JOSEPH PISTILLI and MICHAEL PISTILLI and others operate their enterprise under the name PISTILLI REALTY GROUP.

10.     Upon information and belief, SVTH is a domestic limited liability company organized and existing pursuant to the laws of the State of New York and owns, manages, maintains, repairs, supervises, and operates the buildings known as 47-50 59th St., Woodside, New York, a residential building with 90 units, and 47-30 59th St., Woodside, New York, a residential building with 143 units.

11.     Upon information and belief, LMC is a domestic corporation organized and existing pursuant to the laws of the State of New York and manages, maintains, repairs, supervises, and operates 53 buildings throughout the state of New York including the buildings known 47-50 59th St., Woodside, New York and 47-30 59th St., Woodside, New York.

12.     Upon information and belief, defendants JOSEPH PISTILLI and MICHAEL PISTILLI (Defendants Pistillis) are officers, directors, presidents, owners, members, executives, shareholders, or leaders of the defendant enterprise known as PISTILLI REALTY

3

GROUP.

13.     Upon information and belief, Defendants Pistillis serve as officers of defendant corporation.

14.     Upon information and belief, defendants Pistillis are members of defendant limited liability company.

15.     Upon information and belief, Defendants the Pistillis are individuals engaged in business in New York.  Defendants Pistillis are sued individually and in their capacity as an owners, officers, members, and/or agents of the defendant enterprise, the defendant corporation, and the defendant limited liability company.

16.     Upon information and belief, Defendants Pistillis are the principals, agents, partners, joint venturers, members, controlling shareholders of the defendant enterprise, and/or was engaged with the other defendants in a joint enterprise for profit, and bore such other relationships to the other defendants so as to be liable for its conduct.

17.     Upon information and belief, Defendants Pistillis are the principals, agents, partners, joint venturers, members of the limited liability defendant, and/or were engaged with the other defendants in a joint enterprise for profit, and bore such other relationships to the other defendants so as to be liable for its conduct.

18.     Upon information and belief, Defendants Pistillis are the principals, agents, partners, joint venturers, controlling shareholders of the corporate defendant, and/or was engaged with the other defendants in a joint enterprise for profit, and bore such other relationships to the other defendants so as to be liable for its conduct.

19.     Defendants JOSEPH PISTILLI and MICHAEL PISTILLI have been served with Notice pursuant to Section 630 of the New York Business Law.

4

20.     Upon information and belief, Defendants Pistillis had responsibility for defendants' wage-hour policies and practices.

21.     Upon information and belief, Defendants Pistillis had the power to hire and fire plaintiff, control his terms and conditions of employment, and determine the rate and method of any compensation in exchange for plaintiff's services.

22.     Defendants have maintained a common policy and practice of, *inter alia*: (1) paying below the minimum wage and (2) not paying overtime premium pay for work in excess of 40 hours a week.

23.     At all relevant times, defendants affected commerce within the meaning of 29 U.S.C. §203(b).

24.     At all relevant times, one or more defendants employed and/or jointly employed plaintiff.

25.     Upon information and belief, the gross annual volume of sales made or business done by the corporate defendant for the past three years was not less than $500,000.

26.     Plaintiff Tesen is an adult individual residing in Queens County, New York.  Plaintiff Tesen was employed by defendants as a porter who cleaned and maintained the residential buildings known as 47-50 59th St., Woodside, New York and 47-30 59th St., Woodside, New York from in or about March 8, 2009 to in or about May 16, 2014.

27.     The named plaintiff brings this action on behalf of himself and all others similarly situated, pursuant to 29 U.S.C. §216(b).  Persons similarly situated who may opt-in to this action under the FLSA are those who are and/or were employed at defendants as former non-managerial employees of defendants who worked as residential building porters at any time after March 8, 2009 or an earlier equitable date determined by the Court.

5

## FACTS

28. Upon information and belief, all of the individuals employed by defendants in non-managerial positions were similarly situated to each other because defendants maintain an unlawful and common labor policy of not paying overtime premium pay to non-exempt employees who work more than 40 hours in a work week, not paying employees for all hours worked, and not paying minimum wage.

29. Plaintiff Tesen was employed by defendants as a porter whose duties were to clean and maintain two of the defendants' buildings including such duties as taking out the garbage, sweeping and mopping the floors, painting empty apartments, and cleaning the boiler. Plaintiff mainly worked at 47-50 59th St., Woodside, New York, but would also be required to clean and maintain 47-30 59th St., Woodside, New York at times.

30. Plaintiff Tesen worked alongside a live in janitor and other porters at the buildings. Plaintiff Tesen was not a janitor as defined by 12 N.Y.C.R.R. §141-3.4.

31. Plaintiff and his similarly situated co-workers were paid by check with a paystub listing the amount paid to the plaintiff and the withholdings but did not list the amount of hours worked or the rate of pay for each hour. Plaintiff and his similarly situated co-workers received no payroll documents which indicated hours worked and wage rate.

32. Plaintiff and his similarly situated co-workers routinely worked more than 40 hours per week but were not paid any overtime premium pay. For example, Plaintiff Tesen regularly worked approximately 46 hours per week, and sometimes more (e.g. Plaintiff was required to stay and shovel snow, sometimes forcing him to sleep in the building for a few hours and continue working), but was not paid any overtime premium pay.

33. Plaintiff and his similarly situated co-workers were paid less than the

6

lawfully required minimum wage. For example, Plaintiff Tesen regularly worked approximately 46 hours per week (and even more on snow days) and was paid $332.36 per week during the course of his employment as a porter.

34.    Upon information and belief, the required posters and notices regarding minimum wage and overtime were not posted and there was no notice provided to employees regarding their rights under the FLSA or the NYLL as well as 12 NYCRR §141-2.3.

35.    Defendants failed to keep adequate records of the amount of hours worked, the occupational classification, and the wage rate of their employees as required by U.S.C. §211 and 12 NYCRR §141-2.1.

36.    Defendants failed to provide their employees with wage statements specifying the amount of hours worked and wage rate as required by 12 NYCRR §141-2.2.

37.    On the grounds of equitable tolling, the statute of limitations for all claims asserted by plaintiff and all others similarly situated should be tolled due to the failure to provide appropriate and required notice of the law.

## AS AND FOR A FIRST CAUSE OF ACTION

### Violation of the Minimum Wage Provisions of the FLSA

38.    Plaintiff repeats and realleges each and every allegation made in paragraphs 1 through 37 of this Complaint.

39.    At all relevant times, defendants were plaintiff's employers within the meaning of the FLSA, 29 U.S.C. §203(d).

40.    At all relevant times, defendants were engaged in commerce or in an industry or activity affecting commerce.

7

41.     Defendants constitute an enterprise within the meaning of the FLSA, 29 U.S.C. §§203(r) and 203(s).

42.     At all relevant times, plaintiff was an employee who handled goods or materials that were moved or produced in interstate commerce.

43.     Defendants failed to pay the applicable minimum hourly rate in willful violation of 29 U.S.C. §§206(a) and 255(a).

44.     Plaintiff has been damaged in an amount to be determined at trial.

## AS AND FOR A SECOND CAUSE OF ACTION

### Violation of the Overtime Provisions of the FLSA

45.     Plaintiff repeats and realleges each and every allegation made in paragraphs 1 through 44 of this Complaint.

46.     Defendants failed to pay plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of 40 hours in a workweek, in violation of 29 U.S.C. §207 (a)(1).

47.     Defendants' failure to pay plaintiff overtime compensation was willful within the meaning of 29 U.S.C. §255(a).

48.     Plaintiff has been damaged in an amount to be determined at trial.

## AS AND FOR A THIRD CAUSE OF ACTION

### Violation of the New York Minimum Wage Act

49.     Plaintiff repeats and realleges each and every allegation made in paragraphs 1 through 48 of this Complaint.

50.     At all relevant times, defendants were plaintiff's employers within the meaning of the NYLL §§2 and 651.

8

51.     Defendants willfully failed to pay plaintiff at the applicable minimum hourly rate in violation of the NYLL.

52.     Plaintiff and all others similarly situated have been damaged in an amount to be determined at trial.

## AS AND FOR A FOURTH CAUSE OF ACTION

### Violation of the Overtime Provisions of the New York State Labor Law

53.     Plaintiff repeats and realleges each and every allegation made in paragraphs 1 through 52 of this Complaint.

54.     Defendants willfully failed to pay plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of 40 hours in a workweek, in violation of the NYLL as well as 12 NYCRR §141.

55.     Plaintiff and all others similarly situated have been damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff and those who opt-in to this action respectfully request that this Court grant the following relief:

A.     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated employees, (e.g. all employees that work or have worked in the defendants' buildings that were not paid minimum and overtime wages), apprising them of the pendency of this action, and permitting them promptly to file consents to be plaintiffs in the FLSA claims in this action;

B.     Awarding Plaintiff and opt-in Plaintiffs damages for the amount of unpaid wages including minimum wages and overtime premiums under the FLSA and NYLL;

9

C.       Awarding Plaintiff liquidated damages in an amount equal to the

minimum wage and overtime compensation owed pursuant to 29 U.S.C. §216(b) and NYLL.

D.       Declaring defendants conduct complained of herein to be in violation of

the Plaintiff's and opt-in Plaintiffs' rights as secured by the NYLL;

E.       Preliminarily and permanently enjoining defendants from engaging in any

further illegal practices and/or conduct under either the Fair Labor Standards Act and the New

York Labor Law;

F.       Directing defendants to compensate Plaintiff and his similarly situated co-

workers for all hours worked;

G.       Directing defendants to pay overtime premium pay to Plaintiff and his

similarly situated co-workers for all hours worked;

H.       Awarding Plaintiff pre-judgment interest;

I.       Awarding Plaintiff the costs of this action together with reasonable

attorneys fees; and,

J.       Granting injunctive and such other and further relief as this Court deems

necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff demands

a trial by jury on all questions of fact raised by the Complaint.


Dated: Jackson Heights, New York
       June 19, 2014

10

Respectfully submitted,

Emiliano Perez, Esq. (EP 5698)
LAW OFFICE OF EMILIANO PEREZ
3732 75th St.
Jackson Heights, NY 11372
(718) 440-9214

*Attorneys for Plaintiffs*

11

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

HUMBERTO TESEN, Individually and On Behalf of All
Others Similarly Situated,

                              Plaintiff(s),

              -against-

PISTILLI REALTY GROUP, SKY VIEW TOWERS
HOLDING, LLC, LIDIA MANAGEMENT CORP., JOSEPH
PISTILLI, and MICHAEL PISTILLI,

                              Defendants.

**14-cv-_____ ( ) ( )**

---

## AFFIDAVIT OF CONSENT TO BECOME PARTY PLAINTIFF

STATE OF NEW YORK    )
                       )ss.:
COUNTY OF QUEENS    )

        HUMBERTO TESEN, being duly sworn, deposes and says:

1.     I am a plaintiff in the above-captioned action. I reside at 79-11 41$^{St.}$ Avenue, Elmhurst, NY 11373.

2.     Pursuant to 29 U.S.C. § 216(b), this action asserts claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* on behalf of myself and all other employees similarly situated. Pursuant to 29 U.S.C. §§ 216(b) and 256, I consent to being a party plaintiff in this action and to the filing and prosecution of the above-referenced FLSA claims on my behalf and on behalf of all other employees similarly situated.

                                                    Humberto Tesen

Sworn Before this 19th Day of June, 2014

Notary Public

EMILIANO PEREZ
Notary Public, State of New York
No. 02PE6225178
Qualified in Queens County
Commission Expires July 19, 2014